**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

June 22, 2009

No. 08-31160
Summary Calendar

Charles R. Fulbruge III
Clerk

TINA EMERSON

Plaintiff - Appellant

v.

DETECTIVE COUVILLION, the then Vice Squad Arresting Officer;
DONALD DESALVO, Lieutenant

Defendants - Appellees

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:03-CV-2675

Before HIGGINBOTHAM, BARKSDALE, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Tina Emerson, proceeding *pro se* and *in forma pauperis*, appeals the district court's denial of a series of post-judgment motions filed more than three years after entry of final judgment. (Her motions for appointment of counsel, for leave to file a second supplemental brief, to amend the motion for leave to file a second supplemental brief, "to invoke Title 2254, 55, habeas corpus", to stay

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

further proceedings "(pending Habeas), Heck v. Humphry" and to supplement the record are DENIED.)

Pursuant to 42 U.S.C. § 1983, Emerson filed an action, seeking, *inter alia*, monetary damages as a result of a conviction she contends was illicitly obtained. The district court awarded defendants a summary judgment in March 2005. That May, the district court denied Emerson's motion for reconsideration.

Emerson's appeal was dismissed because she filed her notice of appeal in October 2005, well past the 30-day deadline. *See Emerson v. Couvillion*, No. 05-31092 (5th Cir. 7 March 2006) (unpublished); FED. R. APP. P. 4(a)(1)(A). A motion to reinstate the appeal was denied on 15 May 2006.

In 2008, Emerson filed a series of motions in district court seeking, essentially, to vacate the judgment and reopen litigation. On 7 November 2008, the district court, noting the matter had been closed for several years, issued an order prohibiting Emerson from filing additional motions, pleadings, or other papers regarding it. Emerson now appeals.

Emerson has not established her entitlement to proceed, notwithstanding the entry of final judgment in 2005 and this court's subsequent dismissal of her appeal. Accordingly, Emerson's appeal is DISMISSED. *See* 5TH CIR. R. 42.2.

Emerson is warned that further filing of repetitious or frivolous motions or appeals may result in the imposition of sanctions against her. These sanctions may include dismissal, monetary sanctions, and restrictions on her ability to file matters in this court and any court subject to this court's jurisdiction.

APPEAL DISMISSED; MOTIONS DENIED; SANCTIONS WARNING ISSUED.